```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


UNITED STATES OF AMERICA,        )
                                 )
                Plaintiff,       )
                                 )
        vs.                      )      No. 4:04CR676-DJS
                                 )
KURTIS RAY EASTER,               )
                                 )
                Defendant.       )
```

## ORDER

On April 26, 2005, the Federal Public Defender's Office was appointed to represent defendant and Assistant Federal Public Defender Kevin Curran currently represents defendant. Acting on his own behalf, defendant has submitted to the Court a motion and letters indicating dissatisfaction with his counsel and requesting the appointment of Assistant Federal Public Defender Lucy Liggett as substitute counsel.

Defendant should be aware that he has no entitlement to appointed counsel of his choosing, and that whether or not to grant a substitution of appointed counsel is committed to the Court's discretion.

> When faced with a motion to appoint substitute counsel, the district court must balance several factors, including "the need to ensure effective legal representation, the need to thwart abusive delay tactics, and the reality that a person accused of crime is often genuinely unhappy with an appointed counsel who is nonetheless doing a good job."

United States v. Barrow, 287 F.3d 733, 738 (8th Cir. 2002), *quoting* Hunter v. Delo, 62 F.3d 271, 274 (8th Cir. 1995). Furthermore, to

warrant substitute counsel, defendant must show "justifiable dissatisfaction" with appointed counsel, such as a conflict of interest, irreconcilable conflict, or a complete breakdown in communication between attorney and defendant. United States v. Exson, 328 F.3d 456, 460 (8th Cir. 2003). The proper focus is on the quality of the advocacy, for the right to counsel does not include a right to a "meaningful relationship" with counsel. Wheat v. United States, 486 U.S. 153, 159 (1988); United States v. Swinney, 970 F.2d 494, 499 (8th Cir. 1992).

The current filings fail to present a justifiable dissatisfaction required to warrant the appointment of substitute counsel. In addition, the Court has no authority to determine which specific Assistant Federal Public Defender will represent a defendant when the Federal Public Defender's office is appointed in general.

In the motion, defendant also seeks to revoke his waiver of the Speedy Trial Act. The magistrate judge found, after personally addressing defendant, that "Easter voluntarily and knowingly waived his Speedy Trial Act rights, and . . . the ends of justice served by allowing the defendant to waive his rights under the Speedy Trial Act outweigh the best interest of the public and the defendant in a speedy trial." Report and Recommendation [Doc. #26], p. 2. The Court subsequently granted defendant's motion to continue. "Continuances caused or consented to by a defendant are generally excluded time under the [Speedy Trial Act] if they are necessary for the 'ends of justice.'" U.S. v. Nazarenus, 983 F.2d 1480, 1483 (8th

warrant substitute counsel, defendant must show "justifiable dissatisfaction" with appointed counsel, such as a conflict of interest, irreconcilable conflict, or a complete breakdown in communication between attorney and defendant. United States v. Exson, 328 F.3d 456, 460 (8th Cir. 2003). The proper focus is on the quality of the advocacy, for the right to counsel does not include a right to a "meaningful relationship" with counsel. Wheat v. United States, 486 U.S. 153, 159 (1988); United States v. Swinney, 970 F.2d 494, 499 (8th Cir. 1992).

The current filings fail to present a justifiable dissatisfaction required to warrant the appointment of substitute counsel. In addition, the Court has no authority to determine which specific Assistant Federal Public Defender will represent a defendant when the Federal Public Defender's office is appointed in general.

In the motion, defendant also seeks to revoke his waiver of the Speedy Trial Act. The magistrate judge found, after personally addressing defendant, that "Easter voluntarily and knowingly waived his Speedy Trial Act rights, and . . . the ends of justice served by allowing the defendant to waive his rights under the Speedy Trial Act outweigh the best interest of the public and the defendant in a speedy trial." Report and Recommendation [Doc. #26], p. 2. The Court subsequently granted defendant's motion to continue. "Continuances caused or consented to by a defendant are generally excluded time under the [Speedy Trial Act] if they are necessary for the 'ends of justice.'" U.S. v. Nazarenus, 983 F.2d 1480, 1483 (8th

Cir. 1993). Defendant cites no authority and the Court is aware of no authority supporting defendant's proposition that he may now revoke his previous waiver of Speedy Trial Act rights. The motion will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the pro se motion to withdraw counsel Kevin Curran and appoint Lucy Liggett [Doc. #34] is denied.

**IT IS FURTHER ORDERED** that defense counsel shall provide defendant with a copy of this order.

Dated this ___7th___ day of July, 2005.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE